Honorable Roy Blake Chairman Administration Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Whether money obtained by a sheriff as a result of the confiscation of contraband may be used to purchase a patrol car
Dear Senator Blake:
You ask whether money the sheriff's office obtained as the result of the sale of an airplane confiscated in a marijuana raid may be expended for the purchase of a patrol car for the Cherokee County Sheriff's office.
Section 5.08, article 4476-15, V.T.C.S., provides:
 (f) All money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property and other things of value, and the proceeds from the sale of an item described in this subsection that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund to be administered by the seizing agencies or office to which they are forfeited. Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state. The director of an agency of the state may use not more than 10 percent of the amount credited to the fund for the prevention of drug abuse and for treatment of persons with drug-related problems. The director of an agency or office of a political subdivision that has received funds under this section shall comply with the request of the governing body of the political subdivision to deposit not more than 10 percent of the amount credited to the fund into the treasury of the subdivision. The governing body of the subdivision shall use the funds received for the prevention of drug abuse and for treatment of persons with drug-related problems. Nothing in this subsection shall be construed to decrease the total salaries, expenses, and allowances which an agency or office is receiving from other sources at or from the time this subsection takes effect.
We will assume that the forfeiture of the airplane to the sheriff's office was in compliance with the procedures prescribed in article 4476-15.
Sheriffs and their deputies are peace officers as that term is defined in article 2.12(1) of the Texas Code of Criminal Procedure. Sheriffs have the authority to appoint deputies for their respective counties. Articles 6869, 6869b and 6869f, V.T.C.S. Thus, the sheriff's office is an office of a political subdivision authorized by law to employ peace officers.
The legislature has made it clear in section 5.08 that expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal law. While the sheriff may use a patrol car in the investigation of criminal law violations, he is charged with other noncriminal law duties which involve the use of a car, such as the service of civil process. Tex.R.Civ.Proc.R. 15. This office is not in a position to determine whether a car purchased by the sheriff from such funds will be used solely for alleged violations of the criminal law.
 SUMMARY
Expenditures from a fund the Sheriff of Cherokee County has received from forfeitures under section 5.08, article 4476-15, V.T.C.S. shall be used solely for the investigation of any alleged violations of the criminal law. This office is not in a position to determine whether a car purchased from such funds will be used solely for alleged violations of the law.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General